# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MOZART NOEL,

    Petitioner,

vs.                                         Case No. 4:13cv275-WS/CAS

CHARLES CREEL, et al.,

    Respondents.

_____/

## AMENDED REPORT AND RECOMMENDATION

Having reviewed Petitioner's amended petition pursuant to 28 U.S.C. § 2241, doc. 13, a report and recommendation was entered because it appeared the Court lacked jurisdiction to review the claims raised in this petition. Doc. 14. Petitioner did not receive that report and recommendation and it was returned to the Court as undeliverable. Doc. 15. The reason Petitioner did not receive the report and recommendation is Petitioner did not comply with two prior Court Orders, docs. 11-12, directing him to properly submit a notice of change of address. This amended report and recommendation will be provided to Petitioner at his last known address at the Etowah County Detention Center in Gadsden, Alabama.

Though not entirely clear, it appears that Petitioner seeks review of the denial of a request for a § 212(c) waiver or cancellation of removal. Doc. 13 at 2. However, Petitioner does not present a challenge based on an identifiable constitutional ground

or legal ground.  As presented, the amended petition[1] merely states that he "seeks to apply for a waiver under section 212(c)."  Id.

To the degree Petitioner seeks to challenge the Board of Immigration Appeals discretionary decision to deny § 212(c) relief, judicial relief is not available unless the petition presents a constitutional claim or question of law.  Sosa-Valenzuela v. Holder, 692 F.3d 1103, 1108-09 (10th Cir. 2012) (stating that jurisdiction under 8 U.S.C. § 1252(a)(2)(C) & (D) is limited and the court cannot review the BIA's exercise of discretion); see also Duda v. Holder, No. 08-73585, 2013 WL 1679260, at *1 (9th Cir. Apr. 18, 2013) (finding no jurisdiction to address the petition); Zuniga-Capilla v. Holder, 421 Fed.Appx. 346, 348, 2011 WL 1251247, at *1 (5th Cir. Apr. 5, 2011) (noting that "[b]ecause the determination that § 212(c) relief is not warranted is not a question of law," the court of appeals lacked "jurisdiction to review" the denial of a request for § 212(c) waiver).  Thus, it does not appear that this case should be transferred to the appropriate court of appeals because Petitioner does not present a constitutional claim for review.[2]

Moreover, on its face, the petition is not ripe for a decision as Petitioner states that on July 6, 2013, his appeal to the BIA resulted in a remand.  Doc. 13 at 2.

---

[1] Petitioner listed his address in the amended petition, doc. 13, as being at the Wakulla County Jail.  The amended petition was filed on July 19, 2013.  Doc. 13. However, the Court had already determined by June 21, 2013, when the Order, doc. 12, was entered that Petitioner had been transferred to Alabama.

[2] Although Petitioner cites to Judulang v. Holder, —— U.S. ——, 132 S.Ct. 476, 477, 181 L.Ed.2d 449 (2011), which struck down the BIA's "comparable grounds rule" for deciding when resident aliens may apply for relief from deportation under § 212(c), Petitioner does not present any argument or identify any basis for relief under that decision.

Accordingly, there is not yet a final order to review even *if* this were the correct court to review that decision, and it is not because jurisdiction is limited to the "appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).

**Conclusion**

Notwithstanding the ripeness consideration, this Court lacks jurisdiction to review the petition. Should any review of a denial of a § 212(c) waiver be possible, it must come from the Eleventh Circuit Court of Appeal where jurisdiction is exclusively provided for in § 1252(a)(2)(D) *after* Petitioner has received a final order. Delgado v. U.S. Atty. Gen., No. 12-14973, 2013 WL 1668268, at *1 (11th Cir. Apr. 17, 2013) (denying petition for review of § 212(c) waiver and cancellation of removal).

**ORDER**

Accordingly, it is **ORDERED** that the Clerk of Court shall provide this Amended Report and Recommendation to Petitioner at the Etowah County Detention Center, 827 Forrest Avenue, Gadsden, AL 35901.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241, doc. 13, be **DISMISSED** for lack of jurisdiction and because it does not appear that the claims are ripe for review.

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2013.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Petitioner may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**